Mims *vs.* Ross *et al.*

fendant to take a verdict. The motion was overruled. This is assigned as error.

A. O. BACON, for plaintiff in error.

LANIER & ANDERSON, for defendant.

---

THOMAS N. MIMS, plaintiff in error, *vs.* J. B. ROSS *et al.*, defendants.

(LOCHRANE, C. J., did not preside in this case.)

| 42 | 121 |
| f112 | 467 |

| 42 | 121 |
| 119 | 460 |

| 42 | 121 |
| 128 | 328 |

1. Where there was a question of fact, as to whether there had been a formal gift by the father to the son, of real estate, with delivery of possession, under such circumstances as made the gift good against creditors of the father, and there was evidence on both sides, and the whole question of law and fact, was submitted to the Judge, this Court will not disturb his judgment, unless it be strongly and decidedly against the evidence.

2. To make a valid gift, there must be a present intention to give, and a complete renunciation of right, by the giver, over the thing given, without power of revocation, and a full delivery of possession as a gift, *inter vivos*, (R).

3. The legatee of a specific bequest of real estate, under a will, who has the assent of the executor to the legacy, has not such a title, as gives him a right to take a homestead therein, to the exclusion of the creditors of the testator.

New trial. Homestead. Gifts. Before Judge COLE. Bibb Superior Court. December, 1870.

Mims, an adult, applied to the Ordinary for a homestead out of certain lands. It was objected to, by the administrator, *cum testamento annexo*, of Mim's father, and by certain creditors of the father, some of whom held judgments against the father, upon the ground that it was the property of the father, and subject to pay the father's debts, etc. It was, on appeal from the Ordinary, pending in the Superior Court. The parties agreed to submit the law and facts to the Judge for decision. Mims showed that the land was given to him, by his father's will, as a specific legacy, and that, four or five days before his father's death, he sent for Mims, delivered him the keys to the premises, and the title deeds, saying, the premises were his; that he had given them to him in his will, etc. And he showed that, after his father's death, he treated the premises as his own, and that the administrator allowed him to do so. When this alleged gift was made, the father was abundantly able to pay his debts, without a resort to this land, but emancipation of slaves, etc., had changed that state of his estate.

On the other hand, it appeared, that the father stayed on the place, with the son, till he died, and the administrator said he allowed Mims to treat the place as his, only because, he supposed that he could pay all his debts, without a resort to that land. The Judge refused the homestead, and that is assigned as error.

JOHN RUTHERFORD, for plaintiff in error.

NESBITS & JACKSON, WHITTLE & GUSTIN, for defendants. What makes a gift: R. Code, secs. 2648, 2654, 2617, 2622, 2621. Possession of giver makes void as to creditors: R. Code, sec. 2620. Executor's assent to legacy can not divest lien of judgments: R. Code, secs. 2415, 2416, 3522. Adult

Mims *vs.* Ross *et al.*

not entited to homestead in father's lands: 40th Ga. R., 437, 555.

McCay, J.

1. As to the question, whether this land was *given* by his father to T. N. Mims, during the life-time of the father, the jury has, under the facts, found against the gift.   There was evidence on both sides and, under the rule, the verdict is not to be disturbed.

2. To make out the gift it would require proof of present intention to give—a complete renunciation of right, by the father, without power of revocation, and a full delivery of possession, as a gift, *inter vivos.*   If the act were only, an earnest of the bequest in the will—a foretaste of the bounty, to be completed at the going into effect of the will, it was no gift to pass the title.   We think there is evidence to sustain the verdict upon this point, and, as we have said so often, we will not disturb a verdict which there is evidence to sustain it.

3. Even if the legal title to this land was complete under the will, and by the assent of the executor it was not so complete as to relieve it from liens upon it, whilst it was the property of the father, at his death *all* his property became assets for the payment of his debts.   The legatees *take* subject to this charge.   The lien of these judgments followed the land into his hands, as they would have done into the hands of any *purchaser* from the father.   Can he stand in a better position than a purchaser?   It would be a violation of all principle so to hold.   The assent of the executor is only effective, so as to bind himself.   Even the executor cannot, by his assent, divest the judgment lien.   He might, perhaps, do this by a public sale under the law, as an officer of the law, but it would be a strange doctrine to establish that an executor may, by his assent to a legacy, deprive the creditors of their interest in the assets.

Altogether, we see no error in this record.   It would be

grossly unfair to permit the adult child of `Mr. Mims to take the legacy under this will and leave the debts of the testator, and especially, judgment debt, which the law makes of the highest dignity, unpaid.

Judgment affirmed.