## BURT *v.* ANDREWS.

To constitute a valid gift of a chattel, there must be not only an intention to give by the donor, but a delivery of the article given, or some act done which will be accepted as delivery.

Submitted December 3, — Decided December 20, 1900.

Certiorari. Before Judge Littlejohn. Sumter superior court. June 2, 1900.

*J. R. Williams* and *L. H. Carter,* for plaintiff in error.

LITTLE, J. Mattie Andrews instituted an action of trover in the county court of Sumter county, to recover possession of one washstand set and one china set (crockery) of the value of six dollars. It appears from the evidence had on the trial in the county court, that the plaintiff was the sister of one Ella Marshall, deceased, who was the wife of George Marshall; that Ella was sick for several months, and the plaintiff nursed her and cared for her wants for a considerable length of time; that during her sickness, and before her sister died, she told witness that, for her kindness in staying with her and waiting on her, she might have the articles sued for; the exact language of the deceased was, "There is the china set and washstand set, and you may have them." Another witness testified that the language used by the deceased to the plaintiff was, "There is my china set and washstand set, which you may have for your kindness in waiting on me." It does not appear that any actual delivery of the property was made at the time the deceased made this statement to the plaintiff, nor was there any act of any kind either on the part of the deceased or the plaintiff to indicate delivery or change of possession of the goods. It is not contested that the articles, after this statement of the deceased, remained just where they were at the time the words were spoken. The deceased had no children; and, after her death, her husband sold her household effects, and among them the articles for which the suit was instituted; and the defendant purchased these articles from the husband, paid for the same, received and carried them home. After demand and refusal, the action was instituted. The trial in the county court resulted in a judgment for the plaintiff, and the defendant presented her petition for certiorari, which was sanctioned,

30

and on the hearing the certiorari was overruled by the judge of the superior court, and to this judgment the defendant excepted.

The judgment in this case must be reversed, because the evidence on the trial in the county court was not sufficient to show that the title of the property passed to the plaintiff under the gift claimed by her.    It may be well to remark in the outset that the alleged gift could not be construed as a donatio causa mortis; because a gift of that character must not only be made by a person during his last illness, or in peril of death, but must be intended to be absolute only in the event of death; whereas, if the words spoken by the deceased constituted a gift at all, it was unqualified, no reservation was expressed, nor could one be inferred from the language used. If, however, it was sought to make the gift one in contemplation of death, then it would fail, because the words which it is alleged constituted the gift were not followed by delivery either actual or symbolical.    Clearly, however, from the language, the gift, if one was made, must be regarded as a gift inter vivos.    It is provided by the Civil Code, § 3564, that to constitute a valid gift there must be the intention to give by the donor, acceptance by the donee, and delivery of the article given, or some act accepted by the law in lieu of delivery.    And as explanatory of what is a delivery, section 3567 of the same code declares that manual delivery is not essential to the validity of a gift, but that any act which indicates a renunciation of dominion by the donor and the transfer of dominion to the donee is a constructive delivery.    But it will be noted that, to make the gift a valid one, it is not sufficient to show an intention to give, but this intention must in all cases be followed either by manual delivery or some *act* indicating delivery.    Nor does any presumption arise by an expressed intention to give.    By sections 3570 and 3571 of the code, relating to the presumption of gifts, it will be seen that such presumption arises only where there is a delivery or where the donee is in exclusive possession.    The rule is stated by Mr. Thornton in his work on Gifts and Advancements, in § 131, to be this:    "In all gifts a delivery of the thing given is essential to their validity; for although every other step be taken that is essential to the validity of a gift, if there is no delivery, the gift must fail.    Intention can not supply it; words can not supply it; actions can not supply it; it is an indispensable requisite, without which the gift fails, regardless of the consequences."    And in section

133 of the same work it is said: "Intention to give is essential to the validity of every gift, but it is only one of the requisites to vest the title to the thing given in the donee." In 1 Nott & McC. 237, it was ruled that "The consummation of every parol gift is delivery. There must be an actual transmutation of possession and property, and the real question in all such cases is whether the donor has parted with his dominion over it."

Our own decisions fully recognize this rule. In the case of *Anderson* v. *Baker*, 1 *Ga.* 595, this court ruled that to constitute a valid parol gift of a chattel there must be an immediate delivery of the same by the donor to the donee. And in the case of *Mims* v. *Ross*, 42 *Ga.* 121, McCay, J., said: "To make out the gift it would require proof of present intention to give—a complete renunciation of right, by the father, without power of revocation, and a full delivery of possession, as a gift, inter vivos." In *Evans* v. *Lipscomb*, 31 *Ga.* 71, the general rule was stated to be, that, in order to constitute a valid gift, there must be an actual delivery of the chattel at the time of the gift, accompanied by words characterizing the act as a gift; and the act done and the words spoken must clearly establish the transfer of dominion over the chattel from the donor to the donee. And in *Burney* v. *Ball*, 24 *Ga.* 505, it was ruled that the acts and declarations of the donor that he had given the property are admissible in evidence; but that to constitute a good and valid gift of personal property there must be a delivery, actual or symbolical, or a writing. It is not necessary to make further citations to support these propositions of law, which are undeniably sound. Tested by these rules, the gift claimed to be made in this case must fail. According to the evidence of the plaintiff herself, the validity of the gift must rest on the words spoken by her deceased sister: "There is the china set and washstand set, and you may have them." These words manifested an intention to give, but of themselves they created no gift; they were not followed by any act indicating either delivery by the sister or acceptance by the plaintiff. The property, after these words were spoken, remained just as it was and where it was before. The possession was not changed, nor was any dominion exercised by the plaintiff, after the spoken words. These were not sufficient, in our opinion, to change the title, and not being so, the purchaser from the heir at law of the intestate, under the facts shown, acquired a good and

valid title by reason of her purchase. It follows that the certiorari ought to have been sustained. The judgment of the court overruling it is

Reversed. *All the Justices concurring, except Fish, J., absent.*