### 5819.  COWDREY v. BARKSDALE.

BROYLES, J.  1. The alleged gift could not be construed as a donatio causa mortis; because the law is well settled that, to constitute a donatio causa mortis, the gift must not only be made by a person during his last illness, or in peril of death, but must be intended to be absolute only in the event of death (Civil Code, § 4154); and in this case the evidence, as disclosed by the record, did not show these necessary facts. It follows that the gift, if one was made, must be regarded as a gift inter vivos: An essential element of a valid gift is the delivery of the article given, or some act accepted by the law in lieu thereof. Civil Code, § 4144. The delivery (as provided in the Civil Code, § 4147) may be either manual or constructive; and any act which indicates a renunciation of dominion by the donor and the transfer of dominion to the donee is constructive delivery. To establish a valid gift, it is not sufficient to show an intention to give, but this intention must in all cases be followed either by actual manual delivery or by some act indicating delivery. Nor does any presumption arise from an expressed intention to give. Such a presumption arises only where there is an actual delivery, or where the donee is in exclusive possession. Civil Code, §§ 4150, 4151; Burt v. Andrews, 112 Ga. 465 (37 S. E. 726).

2. The plaintiff's evidence clearly showed a desire and an intention, on the part of the alleged donor, to give the bonds sued for, but the written and spoken words manifesting the intention to give were not followed by any actual, constructive, or symbolic delivery, either to the alleged donee or to any third person as trustee for her. The possession of the bonds was not changed, but remained in the donor, nor was any dominion over them ever exercised by the plaintiff. It follows that the court did not err in granting a nonsuit.                    *Judgment affirmed.*
                              DECIDED JUNE 3, 1915.

Trover; from city court of Blakely—Judge Sheffield.  May 16, 1914.

*Rambo & Wright, H. M. Calhoun, Little, Powell, Hooper & Goldstein*, for plaintiff.

*Glessner & Park, G. D. Oliver, Pottle & Hofmayer*, for defendant.