6814.   BANK OF ADEL *v.* HUTCHINSON, administrator.

HODGES, J.   1.   A donatio causa mortis, to be effective, must be made during the last illness of the donor or at a time when the donor is in peril of death; it must be intended to be absolute only in the event of death, and to perfect it there must be an actual or symbolic delivery. Civil Code, § 4154.

2. Mrs. Harter, the intestate of the plaintiff, having a time certificate of deposit in a bank, dated February 27, 1912, caused to be written on the certificate: "It is understood and agreed this deposit to go to Elmore Hutchinson and Henry Hutchinson, each an equal share, to be paid to them at the ages of nineteen years, in case of the death of the

said Mrs. Harter, without court proceedings whatever;" and retained possession of the certificate. The testimony showed that the decedent personally collected interest due on the certificate on July 13, 1912. She did not sign the notation on the certificate, and died unexpectedly, July 29, 1912. *Held,* that this did not constitute a gift in contemplation of death, the acts not being done during the last illness of the intestate, or at a time when she was in peril of death. The .evidence showed that it was not intended to be absolute except in the event of death, and there was no actual or symbolic delivery of the certificate.

3. Where an assignment of error based upon the refusal to allow a witness to testify does not show what the witness was expected to testify, nor that the trial judge was informed as to what the testimony would be, it will not be considered by this court.

4. The court did not err in directing a verdict in favor of the plaintiff.

*Judgment affirmed.*

Complaint; from city court of Nashville—Judge Christian. June 1, 1915.

*C. E. Parrish,* for plaintiff in error, cited: Grymes v. Home, 49 N. Y. 17 (10 Am. Rep. 313); *Sorrells* v. *Collins,* 110 *Ga.* 518; 14 Am. & Eng. Enc. L. (2d ed.) 1051, 1057; Civil Code, § 3786.

*L. E. Lastinger, Hendricks, Mills & Hendricks,* contra, cited: Civil Code, §§ 4144-54; *Harrell* v. *Nicholson,* 119 *Ga.* 458; *Burt* v. *Andrews,* 112 *Ga.* 465; *Cowdrey* v. *Barksdale,* 16 *Ga. App.* 387; *Philpot* v. *Temple Banking Co.,* 3 *Ga. App.* 742; *Sorrells* v. *Collins,* supra; *Jackson* v. *Gallagher,* 128 *Ga.* 329; *Hall* v. *Simmons,* 125 *Ga.* 801; Johnson v. Colley, 99 Am. St. R. 884, (note) 891; Harris v. Clark, 51 Am. Dec. 362; Bradley v. Hunt, 23 Am. Dec. 603; Maxler v. Hawk, Am. Annot. Cases, 1913B, 559; O'Neal v. O'Neal, Ann. Cas. 1912A, 327; Foxworthy v. Adams, Ann. Cas. 1912A, 327; Apache State Bank v. Daniels, Ann. Cas. 1914A, 520; Vosburg v. Mallary, Ann. Cas. 1914C, 880; Basket v. Hassell, 107 U. S. 602.