ROGERS, guardian, *v.* CARTER; *et vice versa.*

ATKINSON, J. 1. "To constitute a valid gift, there must be the intention to give by the donor, acceptance by the donee, and delivery of the article given, or some act accepted by the law in lieu thereof." Civil Code, § 4144. "If the donation be of substantial benefit, the law presumes the acceptance, unless the contrary be shown. A parent, guardian, or friend may accept for an infant. The officers of a corporation accept for it." § 4145. *Burt* v. *Andrews,* 112 *Ga.* 465 (37 S. E. 726). It was held in *Knight* v. *Jackson,* 156 *Ga.* 165 (2) (118 S. E. 661): "Where a client directed her attorney to pay over all moneys which he might collect on a judgment, which he had obtained against her debtor, to her nephew or to his guardian when appointed, and where, after the attorney had collected the money due on this judgment, the client directed the attorney to hold the same for her nephew and to deliver this money to him or his guardian as soon as one should qualify, stating that she had already given this money to the nephew, and where the client died before the attorney had paid over these funds to the nephew or to his guardian, there was no valid gift of this money by the client to her nephew, for lack of delivery of the subject-matter of the gift to the donee." See also *Helmer* v. *Helmer,* 159 *Ga.* 376 (125 S. E. 849, 37 A. L. R. 1137). Applying the principles stated above, the allegations of the petition as amended did not charge a completed gift of the bonds, and the judge erred in overruling the general demurrer. All further proceedings were nugatory.

2. "When the Supreme Court has before it both a main bill of exceptions and a cross-bill of exceptions, and the latter presents a question which

is controlling upon the case as a whole, it will be disposed of first; and if the judgment therein excepted to is reversed, the writ of error issued upon the former will be dismissed." *Chidsey* v. *Brookes*, 130 *Ga.* 218 (60 S. E. 529, 14 Ann. Cas. 975) ; *Moore* v. *Kiser*, 144 *Ga.* 460 (2) (87 S. E. 403) ; *DeLoach* v. *Georgia Coast & Piedmont Railroad Co.*, 144 *Ga.* 678 (3) (87 S. E. 889) ; *Wood* v. *Turner*, 147 *Ga.* 93, 95 (92 S. E. 878) ; *Fite* v. *Henson*, 157 *Ga.* 679 (9) (122 S. E. 412) ; *Sapp* v. *Davids*, 176 *Ga.* 265 (2) (168 S. E. 62).

*Judgment reversed on the cross-bill of exceptions. Main bill of exceptions dismissed. All the Justices concur.*

Nos. 9335, 9354. September 13, 1933. Rehearing denied September 23, 1933.

608

612

*J. B. G. Logan* and *J. B. Jones,* for plaintiff.
*Wheeler & Kenyon,* for defendant.