25511.   BROOKS, administratrix, *v.* BROOKS *et al.*

DECIDED SEPTEMBER 24, 1936.

*P. K. Burns, A. M. Kelly,* for plaintiff in error.

*Roberts & Roberts,* contra.

GUERRY, J.  A. M. Brooks and others, as heirs at law, brought a citation for settlement against Mary Brooks as administratrix of the estate of Savannah Brooks, deceased.  It was contended in the citation that the administratrix had not made any accounting for certain time certificates of deposit in the Loganville Banking Company.  The evidence disclosed that three certain certificates of deposit representing funds owned by the deceased were issued to her before her death; one payable to herself or Alice Brooks, one payable to herself or Mary Brooks, and one payable to herself or Mary Brooks, as guardian for Helen Gross.  These certificates remained with the papers of Savannah Brooks, which, until after the death of Savannah Brooks, were kept in the bank in a box owned by Mary Brooks.  The administratrix contended that the certificates were not a part of the assets of the estate, but were gifts by the deceased before her death.  All dividends paid upon these certificates of deposit before the death of Savannah Brooks were paid to her.  It further appears from the evidence that one of the plaintiffs, a son of Savannah Brooks, had a similar certificate issued to him, but that Savannah Brooks had the same canceled before her death.  The president of the bank, who countersigned the certificate of deposit, testified: "Well, she knocked him out.  It was $10,000 made to him, but after that was made he didn't treat her right, and she knocked that up herself and made it to those others."  A witness for the defendant testified, in regard to the reasons why Mrs. Brooks made the certificates as they were: "She was just dividing up her estate, so that if she were to die,—she said she had that certificate made so that if she were to die it would be paid right up."  This witness testified that it was handled that way upon his advice "to make them payable to themselves or somebody else, so as to prevent administration on their estates; we did it so they could collect it right then and not have to go to court about it."  Upon agreement of counsel questions were propounded to be answered by the jury, "yes or no."  The verdict was that no gift had taken place.

In *Burt* v. *Andrews,* 112 *Ga.* 465 (37 S. E. 726), it was said: "To constitute a valid gift of a chattel, there must be not only an intention to give by the donor, but a delivery of the

278

article given, or some act done which will be accepted as delivery." "To make out the gift it would require proof of present intention to give—a complete renunciation of right, by the father, without power of revocation, and a full delivery of possession, as a gift, inter vivos." *Mims* v. *Ross, 42 Ga.* 121. Acts and declarations of the donor that he had given the property are admissible in evidence, but do not constitute a good and valid gift without delivery, actual or symbolical, or a writing. *Burney* v. *Ball, 24 Ga.* 505. In *Harrell* v. *Nicholson,* 119 *Ga.* 458 (46 S. E. 623), it was said: "There must be in every case a delivery of some sort, such a delivery as would put it beyond the power of the donor to revoke the gift." Although there was evidence that Mrs. Brooks said she was making the certificates of deposit payable to herself or her daughters named therein, as a gift to them, there is also evidence that she did not surrender possession thereof or make such a delivery as would put it out of her power to revoke the gift; and the jury has determined adversely to the plaintiff in error that issue submitted to them. See *Williams* v. *McElroy, 35 Ga. App.* 420 (2) (133 S. E. 297).

■ There was no error in excluding from the jury evidence of transactions between the deceased mother and her daughters. They were in effect such opposite parties or so pecuniarily interested in the outcome as to disqualify them as witnesses to such conversation. *Underwood* v. *Underwood, 43 Ga. App.* 643 (159 S. E. 725), and cit.

■ The jury's finding that counsel employed by the administratrix had not been employed for the benefit of the estate, but for personal representation, was authorized by the evidence. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*