28692. YOUNG *et al.* v. LOCKNIT.

DECIDED MARCH 4, 1941.

*N. F. Culpepper, J. Wightman Bowden, John R. Strother,* for plaintiffs.

*Frampton E. Ellis,* for defendant.

BROYLES, C. J.   Lois Young, Eunice Young, and Harriet Young brought an action in trover against John A. Locknit, to recover an antique dining-table.   After introduction of evidence the judge, without the intervention of a jury, rendered a judgment for the defendant.   A motion for new trial, containing the general grounds and several special grounds which were mere elaborations of the general grounds, was overruled, and that judgment was assigned as error.   It is stated in the brief of counsel for the plaintiffs that "the sole question to be determined in this case is whether or not the evidence was sufficient to show that there had been a constructive delivery of the property in controversy to the plaintiffs in error and a valid gift."   The evidence for the plaintiffs showed the following facts:   The table sued for was the property of Mrs. Martha Emma Hindsman, who was the grandmother of two of the plaintiffs and the greatgrandmother of the other plaintiff.   On March 16, 1930, the grandmother verbally gave the table to the plaintiffs, but requested them to let it remain in her (the grandmother's) house until after the death of Miss Emma Hindsman, a sister of the donor, who lived with the donor.   The table remained in the home of the donor until after her death in 1935 and until after the death of the donor's sister in 1939. Upon the death of the latter, the plaintiffs went to their grand mother's old home to get the table, but were told by a Mr. Couch that he had bought it from the donor's sister some time before her (the sister's) death.   The evidence further showed that Couch had sold the table to the defendant.   It is well-settled law that to constitute a valid gift of personal property, in the absence of a writing, there must be not only an intention by the donor to give, but such a delivery, actual or symbolical, that would put it beyond the

power of the donor to revoke the gift. *Harrell* v. *Nicholson,* 119 *Ga.* 458 (46 S. E. 623) ; *Mims* v. *Ross,* 42 *Ga.* 121; *Burt* v. *Andrews,* 112 *Ga.* 465 (37 S. E. 726) ; *Burney* v. *Ball,* 24 *Ga.* 505; *Brooks* v. *Brooks,* 54 *Ga. App.* 276 (187 S. E. 687). This ruling is applicable even where the donor and donee were close relatives, as is shown by the decision in *Burt* v. *Andrews,* supra, where the donor and donee were sisters. In the instant case the evidence fails to show any delivery, actual or symbolical, that put it beyond the power of the donor to revoke the gift. The cases cited in behalf of the plaintiffs are not controlling in this case.

*Judgment affirmed. MacIntyre and Gardner, JJ, concur.*