KNIGHT, administrator, *v.* WINGATE.

No. 16566. MARCH 16, 1949. REHEARING DENIED MARCH 28, 1949.

*Custer & Kirbo,* for plaintiff.

*Conger & Conger,* for defendant.

DUCKWORTH, Chief Justice. (After stating the foregoing facts.) All the bonds in question were issued pursuant to Federal law and regulations issued by the Secretary of the Treasury, as follows: 31 U. S. C. A., § 757c, which provides in part that "The Secretary of the Treasury, with the approval of the President, is authorized to issue from time to time through the postal service or otherwise United States savings bonds and United States

treasury savings certificates . . . and shall be issued in such manner and subject to such terms and conditions consistent with subsections (b), (c), and (d) hereof, and including any restrictions on their transfer as the Secretary of the Treasury may from time to time prescribe"; and Treasury Department Circular 530, which provides that, "If either co-owner dies without the bond having been presented and surrendered for payment or authorized reissue, the surviving co-owner will be recognized as the sole and absolute owner of the bond and payment or reissue, as though the bond were registered in his name alone, will be made only to such survivor." The bonds contain a recital that they are made subject to such regulations issued by the Secretary of the Treasury, which regulations are made a part of the bonds. The Federal statute authorizes the Secretary of the Treasury to make such rules and regulations as are contained in Circular 530 above quoted. Consequently, those regulations have the force and effect of a Federal statute. Legal Tender Case, 110 U. S. 421 (4 Sup. Ct. 122, 28 L. ed 204); United States v. Birdsall, 233 U. S. 223, (34 Sup. Ct. 512, 58 L. ed. 930); United States v. Janowitz, 257 U. S. 42 (42 Sup. Ct. 40, 66 L. ed. 120). While there is nothing in the pleadings or evidence to show that the bonds were purchased with the money of the deceased, yet for the purpose of this decision, and in view of the allegation of the petitioner that the deceased was the owner of such bonds, we will assume that they were paid for with his money. The bonds make the deceased and his wife co-owners and copayees, and, therefore, make them both parties to the contract. By the express terms of both the bonds and of the law under which they were issued, the wife is the sole owner and payee after the death of her husband. To this point there is no disagreement, but here is precisely where the parties in this case take sharp issue. Relying upon the law of gifts contained in the Code, §§ 48-101, 48-102, and 48-103, which require delivery by the donor, acceptance by the donee, and surrender of dominion by the donor to the donee, counsel for the petitioner insist that, since no gift was completed by the decedent, the property remained his and is a part of his estate. It is also insisted that the authorization of the wife as co-owner to collect, and the obligation of the United States to pay, do not purport to convey and indeed could not have the effect of conveying title to the proceeds in the wife contrary to

the law of this State defining a gift. In support of this position, counsel cite *Mimms* v. *Ross*, 42 *Ga.* 121; *Harrell* v. *Nicholson*, 119 *Ga.* 458 (46 S. E. 623); *Clark* v. *Bridges*, 163 *Ga.* 542 (136 S. E. 444); *Carter* v. *Rogers*, 177 *Ga.* 605 (170 S. E. 868); *Brooks* v. *Brooks*, 54 *Ga. App.* 276 (187 S. E. 687); *Felder* v. *Felder*, 71 *Ga. App.* 860 (32 S. E. 550), all of which cases apply to the facts there considered, the Code sections requiring delivery, acceptance, and complete surrender of dominion to complete the gift, and on this test hold that the gifts were not there completed. In Decker *v.* Fowler, 199 Wash. 549 (92 Pac. 2d, 254), the Washington Supreme Court had for decision the question of the ownership of a United States bond payable to M and at his death to D, and reached a decision upon the basis of whether or not it constituted a completed gift whereby D would hold title at the death of M, and on this basis it was held that there was no completed gift, and, consequently, D had no title. In the opinion it was said that the fact that the bond was payable to D as beneficiary and was non-transferable was intended for the convenience of the Government, and it was no concern of the Federal Government as to the ownership of the money after it was paid.

This court, in *Clark* v. *Bridges*, supra, which dealt with a State statute authorizing a bank to pay a deposit in the name of two persons to the survivor, held that the survivor did not own the funds, but that the provision for payment to such survivor was for the protection of the bank, and was not intended to convey title to such payee. There were two dissents in that case. It is not pointed out by counsel what specific article the husband here attempted to but failed to give his wife. Certainly he did not attempt to give her money that he paid to the United States Treasury. Did he give her these non-negotiable bonds? He simply purchased the bonds from the United States Government and paid the consideration therefor and directed that they be conveyed to himself and his wife as co-owners. This was done under the law that conferred equal authority upon such co-owners to collect while in life, and upon the survivor alone to collect the same. The bonds are indisputably contracts in which the United States Government is made the promisor and the husband and wife are made the promisees. This factual situation requires consideration of the provisions of the Code, § 20-306, which declares that, "If there be a valid consideration for

the promise, it matters not from whom it moves; the promisee may sustain his action, though a stranger to the consideration." The law of this State recognizes legal and equitable interests in contracts, and even though a third person is not a party to a contract, if he has an interest therein he may maintain an action in equity thereon. *Sheppard* v. *Bridges*, 137 *Ga.* 615 (74 S. E. 245) ; *Carruth* v. *Ætna Life Ins. Co.*, 157 *Ga.* 608 (122 S. E. 226) ; *Stonecypher* v. *Coleman*, 161 *Ga.* 403, 413 (131 S. E. 75) ; *Reid* v. *Whisenant*, 161 *Ga.* 503, 513 (131 S. E. 904). There is no evidence here to show such interest. We know of no law which would prevent an actual party to a contract from maintaining an action thereon, either in law or equity, to protect such interest as such party may have therein. His right is not impaired by the fact that another instead of himself paid the consideration for the contract. In the field of life insurance the law of this State recognizes the right of the insured to purchase with his own funds an insurance policy on his own life, to name a beneficiary to the proceeds of the policy payable at his death, and to reserve the right to change the beneficiary at any time during his life. In such a contract the beneficiary has no vested interest, but a mere expectancy, subject to be withdrawn by the insured at any time during his lifetime. *Farmers State Bank* v. *Kelley*, 155 *Ga.* 733 (3), 737 (118 S. E. 197) ; *Washburn* v. *Washburn*, 188 *Ga.* 468 (4 S. E. 2d, 35) ; *Bankers Health & Life Ins. Co.* v. *Crozier*, 192 *Ga.* 111, 113 (14 S. E. 2d, 717) ; *Brooks* v. *Northwestern Mutual Life Ins. Co.*, 193 *Ga.* 522 (18 S. E. 2d, 860). But when the insured dies without changing the beneficiary, the person named in the policy as beneficiary has a vested title to the proceeds. *Bennett* v. *Rosborough*, 155 *Ga.* 265 (116 S. E. 788) ; *Loyd* v. *Loyd*, 203 *Ga.* 775 (48 S. E. 2d, 365). We are unable to see any substantial difference on principle in the case of an insurance policy as just discussed and in the present case. In both the person paying the entire consideration retains control and dominion until his death. In both the other person, the beneficiary or co-owner, has an expectancy which is dependent upon the action of the person paying for the contract. In both the obligor is bound by the terms of the contract to pay to the beneficiary or surviving co-owner the full proceeds of the contract. No court, so far as we have found, has ever questioned the right of the beneficiary in the insurance contract upon the

ground that it did not meet the essentials of a gift and, hence, that the proceeds belonged to the estate of the insured. We think, in so far as the law of gifts is given weight in the present case, effect should be given to the provisions of the Code, § 108-116, which declares that "as between husband and wife, parent and child, and brothers and sisters, *payment of purchase money by one,* and causing the conveyance to be made to the other, *shall be presumed to be a gift."* True the bonds here in question were not conveyed outright to the wife, but certainly an interest therein, which is clearly defined by the terms of the bonds and the law under which they are issued, is conveyed to the wife. On application of the Code section, the husband having paid the consideration and having caused the conveyance to be made to the wife, the law presumes a gift. While the section just cited further provides that a resulting trust in such a case in favor of the one paying the money may be shown and the presumption of a gift rebutted, it has been held by this court that clear and convincing evidence to thus rebut the presumption of a gift is necessary. *Statham* v. *Council,* 190 *Ga.* 517, 522 (9 S. E. 2d, 768); *Williams* v. *Thomas,* 200 *Ga.* 767, 773 (38 S. E. 2d, 603). There is no evidence whatever here to rebut this presumption. The provisions of our Code, §§ 48-101, 48-102, and 48-103, are not inflexibly confined to requiring physical delivery by the donor, acceptance by the donee, and surrender of dominion to the donee, for it is there said that there must be such delivery and acceptance "or some act accepted by the law in lieu thereof." It is further provided that "any act which shall indicate a renunciation of dominion by the donor, and the transfer of dominion to the donee, shall be a constructive delivery." In *Burney* v. *Ball,* 24 *Ga.* 505 (3), this court recognized the importance of a writing in that connection when it was held that to constitute a gift there must be a delivery, actual or constructive, or, as is termed sometimes, symbolic, or a writing.

In virtue of the contractual relationship created by the issuance of the bonds, the Government assumed a duty to each of the co-owners to pay the proceeds thereof to such co-owners according to the terms of that contract, one of the terms being that when Mr. Knight, a co-owner, died and Mrs. Knight, a co-owner, survived him, the full proceeds would be paid to Mrs. Knight. We know of no law of this State which will deny a party to a con-

tract his full right thereunder or which will relieve a party thereto from the obligations therein assumed. Where one deposits money with direction that it be paid to a third person, it remains the property of the depositor until paid to the third person or until the bank promises the third person to pay it to him. *Mayer* v. *Chattahoochee National Bank,* 51 *Ga.* 325; *Jackson* v. *Gallagher,* 128 *Ga.* 321, 327 (57 S. E. 750). This rule recognizes that once the depository promises to pay a third person, it thereby becomes legally bound to do so, and the deposit ceases to be the property of the depositor. By analogy the Federal Government in the present case, having by the terms of the bond, promised to pay Mrs. Knight upon the death of Mr. Knight, it is bound to do so, and the representative of Mr. Knight's estate has no interest therein.

There does not seem to be any need for injecting into this case the question whether or not the Federal Government, through the Secretary of the Treasury, has authority to determine the ownership of these bonds or the proceeds thereof. The bonds are Federal contracts. They are valid under the law of the Federal Government, and their meaning, together with the rights of the parties thereto, must be determined by the Federal law. 11 Am. Jur. 409, § 121; Gaston, etc., Ltd. *v.* Warner, 260 U. S. 201 (43 Sup. Ct. 18, 67 L. ed. 210); *Bailey* v. *Devine,* 123 *Ga.* 653 (51 S. E. 603); *Gaffe* v. *Williams,* 194 *Ga.* 673 (22 S. E. 2d, 512). The courts of Georgia, therefore, are required to determine the rights of the contracting parties as they are fixed by Federal law, in the jurisdiction of which the contracts were made and intended to be executed, and must give effect to all provisions which are valid under the Federal law, whether such provisions made in a Georgia contract would under the Georgia law be valid or not. The right of the survivor to the proceeds of such bonds has been upheld in the following cases in other jurisdictions: Succession of Tanner (La. App.), 24 So. 2d, 642; In re Briley's Estate, 155 Fla. 798 (21 So. 2d, 595); Ervin *v.* Conn, 225 N. C. 267 (34 S. E. 2d, 402); In re Murray's Estate, 236 Ia. 807 (20 N. W. 2d, 49); Conrad *v.* Conrad, 66 Cal. App. 2d, 280 (152 Pac. 2d, 221); In re Di Santo's Estate, 142 Ohio St. 223 (51 N. E. 2d, 639); United States *v.* Dauphin Deposit Trust Co., 50 Fed. Supp. 73; Warren *v.* United States, 68 Ct. of Cl., 634. While this court, in *Bowen v. Holland,* 182 *Ga.*

430 (185 S. E. 720), and other cases above cited, held, with reference to joint bank deposits or transactions where the relationships were similar to those here presented, that the law of gifts applied and that the survivor did not have title, yet in *Compton* v. *Hendricks,* 154 *Ga.* 808 (115 S. E. 654), by a unanimous decision, without an explanation of the reason for the judgment, it affirmed the judgment of the trial court in favor of the husband, where it appeared that with the wife's money the husband procured two bank time certificates of deposit, payable to the husband and wife, in a contest between the representative of the deceased wife and the husband over such certificates. The result there supports the ruling we now make. In *Wilder* v. *Howard,* 188 *Ga.* 426 (4 S. E. 2d, 199), where a deposit had been made in a savings bank in the name of the depositor as trustee for a named minor, and further deposits were subsequently made, and a number of withdrawals were also made, and the passbook was retained by the depositor until his death, this court held, in a contest between his representative and the child, that there was created a tentative trust during his lifetime, and at his death it became absolute, and that the child was the owner of the funds. That decision on principle sustains the position of the defendant here. For all the reasons above stated it must be held that title to the proceeds of the bonds vested in the surviving wife, and the court did not err in denying an interlocutory injunction, in refusing to appoint a receiver, or in excluding the evidence which was offered by the petitioner and to which exception is taken.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., who dissents.*