### 6764.   LANIER *v.* HOLT.

1. Delivery is an essential element of a gift.   Civil Code, § 4144.   Proof of language indicating a parol gift of personalty, followed by conversations in which the proposing donor used language to the alleged donee confirmatory of an alleged previous gift does not, without more, compel a finding that there was even a constructive delivery of the chattels.
2. Upon the trial of a claim case the burden is shifted to the claimant

when it is shown that the property was in the possession of the defendant in fi. fa. at the time the levy was made; and a jury is not required to find that personal property in dispute is not subject to the levy, when the claimant's title rests entirely upon proof of a parol gift from her husband of personalty not shown to have been delivered to her, and which at the time of the alleged gift, as well as at the date of the levy, was in the possession of another, acting as agent for the husband.

DECIDED MAY 30, 1916.

Levy and claim; from municipal court of Macon—Judge Chambers. June 23, 1915.

*A. L. Dasher Jr.,* for plaintiff in error.

*Harris, Harris & Whitman,* contra.

RUSSELL, C. J.  Holt, as agent for E. J. Willingham, had a distress warrant issued in the municipal court of Macon against J. D. Lanier for office rent, amounting to $150, as evidenced by two rent notes, each for $75, dated July 23, 1912, one due November 1, 1914, and the other due December 1, 1914.  This distress warrant was levied upon certain articles of personal property used by Dr. Lanier in his office.  Mrs. J. D. Lanier, his wife, filed a claim to the property, and upon the issue the jury found the property subject to levy.  The claimant then made a motion for new trial, on the usual general grounds; to the overruling of which the present exceptions were taken.

On the trial the burden which the law placed upon the plaintiff in fi. fa. was carried by introducing in evidence the levy and the testimony of Dr. Lovelace that the defendant in fi. fa. had placed him in charge of the property in question, and that at the time of the levy he held it as the agent of the defendant in fi. fa. The burden then shifted to the claimant, who sought to carry the burden by attempting to prove a gift from the defendant in fi. fa. to herself.  It can not be held that the jury were not warranted in finding that she failed to prove a gift valid as against the plaintiff in fi. fa.  Proof of a gift requires evidence of three essentials,— (1) intention, (2) acceptance, (3) delivery.  Civil Code, § 4144. While, under the provisions of the code (Civil Code, § 4145), acceptance may sometimes be presumed, it is necessary that all three of these essentials of a gift be proved.  "To constitute a valid gift of a chattel there must be, not only an intention to give by the donor, but a delivery of the article given, or some act done which will be accepted as delivery." *Burt* v. *Andrews,* 112 *Ga.* 465 (37

S. E. 726). No presumption of a gift arises, however, merely from an expressed intention to give. *Cowdrey* v. *Barksdale,* 16 *Ga. App.* 387 (85 S. E. 617). Sections 4150 and 4151 of the Civil Code, relating to the presumption of a gift, apply only where there is a delivery, or where the donee is in exclusive possession. *Burt* v. *Andrews,* supra. On a review of the evidence as set out in the bill of exceptions, it is readily seen that there was no competent evidence showing that a valid gift was made by Dr. Lanier to his wife. The evidence touching an alleged gift by the letter of March 1, 1914, was ruled out by the judge, and the only other evidence introduced tending to show a gift of the articles in question was the testimony of Mrs. Lanier that she and her husband talked about the matter several times. There was no evidence indicating such an agreement to dispense with actual delivery as would compel the inference of a constructive delivery. In the evidence there is nothing that tends to show a delivery of the articles levied upon to Mrs. Lanier, but on the contrary it is undisputed that at the time of the levy they were in the possession of Dr. Lovelace as agent for Dr. Lanier. It was for a jury to say whether the evidence in behalf of the claimant was sufficient to rebut the presumption raised by the prima facie case made out for the plaintiff. *Judgment affirmed.*