25530. TEMPLE *v.* THE STATE.

DECIDED JULY 9, 1936.

*F. L. Clements, E. W. Tipton,* for plaintiff in error.
*Charles H. Garrett, solicitor-general,* contra.

BROYLES, C. J. W. P. Temple was convicted of simple larceny (cattle stealing). The indictment alleged that the cow stolen was "of the personal goods of Arthur Yaughn." The undisputed evidence was that the cow belonged to the wife of Arthur Yaughn. She testified as follows: "I raised that cow. . . I attended to it myself all the time. Nobody did it for me. She was given me by my mother. This cow has been in my possession all the time, and never been out of it." Arthur Yaughn testified that the cow belonged to his wife; that he and his wife lived together on his farm; that he looked after and attended to all the cattle; that after the cow was put in his pasture "I kept possession of it except when it was in Mr. Harris's pasture. Mr. Harris was my agent while he pastured" this cow, and the cow was in Harris's pasture on March 10, 1935, and "it disappeared out of my possession" about that time. While there was a conflict between the testimony of Yaughn and his wife as to who had possession of the cow at the time it was stolen, the jury had the right (which evidently they exercised) to accept Yaughn's testimony, and to find that he as his wife's agent was in the legal possession of the cow at the time it disappeared from Harris's pasture. "When husband and wife live together, the house in which they live and all property in the house and upon the premises are in the legal possession of the husband as the head of the family." *Shaner Motor Co.* v. *Williams,* 36 *Ga. App.* 766 (138 S. E. 274). As said by this court in *Jackson* v. *State,* 21 *Ga. App.* 146 (94 S. E. 55), "In an indictment for larceny the ownership of personal property may be laid in an agent having lawful possession of the property for another. . . The ownership in this case was properly laid in the husband, who had charge of the plantation as agent for his wife." It follows that in the instant case there was no variance between the allegata and the probata.

The remaining special assignments of error are without substantial merit. While there was an acute conflict between the evidence for the State and that for the defense as to whether the cow found in the possession of the defendant was the cow belonging to the Yaughns, and while a verdict in favor of the defendant would have been authorized, this court can not hold as a matter of law that the defendant's conviction was not supported by any evidence; and the finding of the jury having been approved by the

judge, and no error of law appearing, this court is without jurisdiction to interfere. :

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*