27864. SELIGMAN AND COMPANY *v.* DANIELS *et al.*

DECIDED FEBRUARY 7, 1940.

· *M. Davis,* for plaintiff.

GUERRY, J. 1. On the trial of an issue formed upon a claim to personal property levied on and found in the possession of the defendant in fi. fa., it was error to charge the jury as follows: "Upon the trial of a claim case the burden of proof rests upon the plaintiff in execution if the property was levied on in the possession of the defendant. in execution; otherwise the burden of proof rests upon the claimant." Especially was such charge error where the claimant assumed the burden of proof as in this case. When the plaintiff in fi. fa. introduced the execution with the return of the officer showing the property levied on in the possession of the defendant in fi. fa. at the time of the levy, the ·burden was upon the claimant to show his title. *Jones* v. *Newberry,* 16 *Ga.*

644

*App.* 424 (85 S. E. 617); *Lanier* v. *Holt,* 18 *Ga. App.* 185 (89 S. E. 182); *Thompson* v. *Thompson,* 31 *Ga. App.* 340 (121 S. E. 586).

2. The execution levied in this case was put on the general execution docket on November 29, 1937. The only witness for the claimant was the defendant in fi. fa.; and while his testimony as to the time when the claimant bought the property, whether before or after the obtaining of the judgment by the plaintiff in fi. fa., was contradictory, he having sworn at one time that it was in January, 1938, and another in the summer of 1937, such witness being a party to the suit, we will not hold that the jury was unauthorized to find, as they must have done to return a verdict for the claimant, that the sale to the claimant took place before the judgment was returned.

3. The claimant having assumed the burden in this case, it was error to charge the jury that the burden was on the plaintiff; and for that reason the court erred in overruling the motion for new trial.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*