## 31791. UPCHURCH v. UPCHURCH.

GARDNER, J. 1. (*a*) The husband, under our law, is recognized as the head of the family. While he and his wife reside together, the legal presumption is that the house and all the household effects belong to the husband as such head of the family. *Smith* v. *Berman,* 8 *Ga. App.* 262 (2) (68 S. E. 1014); *Young* v. *State,* 22 *Ga. App.* 111 (2) (95 S. E. 478); *Blount* v. *Dunlap,* 34 *Ga. App.* 667 (3) (130 S. E. 693); *Shaner Motor Co.* v. *Williams,* 36 *Ga. App.* 766 (138 S. E. 274); *Bacon* v. *Hinesville Bank,* 38 *Ga. App.* 422 (3) (144 S. E. 125); *Temple* v. *State,* 53 *Ga. App.* 671 (187 S. E. 138); *Broome* v. *Davis,* 87 *Ga.* 584 (2) (13 S. E. 749). Upon proof that title to property is in a particular person, it is presumed to continue in that person until the contrary is proved. *Coleman* v. *Rice,* 105 *Ga.* 163 (31 S. E. 424); *Tippins* v. *Lane,* 184 *Ga.* 331 (3) (191 S. E. 134); *Hobbs* v. *Citizens Bank,* 32 *Ga. App.* 522 (4) (124 S. E. 72); *Cook* v. *Cochran,* 42 *Ga. App.* 478 (2) (156 S. E. 465). These presumptions are of fact and may be rebutted.

(*b*) "To constitute a valid gift, there shall be the intention to give by the donor, acceptance by the donee and delivery of the article given or some act accepted by the law in lieu thereof." Code, § 48-101. The elements of a valid gift are: Intention to give; a renunciation of the right of ownership by the giver, without power of revocation; a delivery of the possession by the giver to the recipient. *Mims* v. *Ross,* 42 *Ga.*

121; *Burt* v. *Andrews,* 112 *Ga.* 465 (37 S. E. 726); *Bowen* v. *Holland,* 182 *Ga.* 430 (2) (185 S. E. 720); *Lanier* v. *Holt,* 18 *Ga. App.* 185 (89 S. E. 182); *Brooks* v. *Brooks,* 54 *Ga. App.* 276 (2) (187 S. E. 687).

Evidence to prove a gift must be clear and convincing. The burden is on the person claiming a gift to prove all the essential elements of a gift. *Lanier* v. *Holt,* 18 *Ga. App.* 185 (supra).

2. There seems to be no controversy as to the above principles of law applicable to a gift. The only question here is, did the evidence authorize the jury to find that there was a gift of the household effects by the husband to the wife? In *Bell Bros.* v. *Aiken,* 1 *Ga. App.* 36, 37 (57 S. E. 1001), this court said: "In this court, in their brief, counsel for the plaintiffs in error insist upon their assignment of error that the verdict is contrary to the evidence. This assigns error of fact and not of law, except in cases where there is no evidence whatever to support the verdict. Under the constitutional amendment creating this court, its jurisdiction is confined to 'the trial and correction of errors in law and equity.' These words, 'in law and equity' after an absence of many years, appear again in our constitution, as a limitation upon the jurisdiction of our courts of final review. In *Kelly* v. *Strouse,* 116 *Ga.* 886 (43 S. E. 280), the court calls attention to the omission of these words from the Constitution, wherein they were once contained, and intimates that the omission furnishes color for the argument that the jurisdiction of the court was thereby enlarged. We will not regard their reinsertion into the organic law as merely casual, but as the result of a deliberate purpose to make unmistakably clear the adherence of the people of this State to 'the great principle of law, that the decision of a jury upon an issue of fact is, in general, irreversible and conclusive.' Of course the assignment of error that the verdict is contrary to the evidence is entirely proper as a ground of a motion for new trial, as addressed to the presiding judge in the trial court. It is not only within the power of the trial judge to review the finding of the jury upon the facts, but, upon motion for new trial, it is his absolute duty to do so; and if his mind and conscience can not approve the verdict as rendered, he falls short of that duty if he allows the verdict to stand. We do not mean to say that the fact that the jury has made the finding in question should not be of great weight in causing the judge's mind to incline to that side of the issue rather than to the other; on the contrary, we think that the deliberate opinion of twelve impartial men should exert great influence; but after all he should be satisfied with the correctness of the verdict, before he gives it his deliberate sanction, as he does in overruling a motion for a new trial, containing the general grounds." In *Bush* v. *Fourcher,* 3 *Ga. App.* 43 (1) (59 S. E. 459), the court said: "The verdict of a jury should not be set aside upon the assignment of error that it is without evidence to support it, if there is any evidence to support it, unless it be further made to appear (a) that some ruling of the court improperly withheld evidence from the jury, (b) or illegally permitted the jury to consider testimony which should not have been submitted to them, or (c) that the court's instruction, as applied to the evidence, were erroneous, inapplicable, or misleading." In the body of the opinion, further commenting, the court said: "The jury settled the issues of fact by preferring the testimony for the plaintiff, and it was

sufficient to authorize their finding. In a court for the correction of errors, the verdict of a jury should not be set aside upon the assignment of error that it is without evidence to support it, if there is any evidence to support it, unless it be further made to appear (a) that some ruling of the court improperly withheld evidence from the jury, (b) or illegally permitted the jury to consider testimony which should not have been submitted to them, (c) or that the court's instructions, as applied to the evidence, were erroneous, inapplicable, or misleading. We held, in a former automobile case from Augusta (*Murphy* v. *Meacham,* 1 *Ga. App.* 155, 57 S. E. 1046): 'The case depending upon disputed issues of fact arising from conflicting evidence, the settlement of which is solely for the jury, and the verdict having been approved by, the trial judge, the judgment of the court below will not be disturbed." See, in this connection, *Aycock* v. *State,* 62 *Ga. App.* 812 (10 S. E. 2d, 84); *Sisk* v. *Landers,* 67 *Ga. App.* 538, 539 (21 S. E. 2d, 449), and *Rome Railroad Co.* v. *Barnett,* 94 *Ga.* 446 (20 S. E. 355), cited therein. In *Miller* v. *Central of Ga. R. Co.,* 16 *Ga. App.* 855 (87 S. E. 303), this court said: ·"Where the question in a case is one of fact, every presumption is in favor of the verdict of the jury, that they found what was the truth of the matter; and the record must affirmatively show that the verdict was contrary to law, before it can be set aside." This principle of law has been followed consistently in many decisions of this court. While it is true that the evidence in this case is in sharp conflict, still we can not say as a matter of law that there is no evidence to support the verdict of the jury. This being true, this court is without authority of law to reverse it.

The court did not err in overruling the motion for a new trial based on the general grounds only, there being no assignment of error on any question of law presented to the jury, and no assignment of error on any ruling of the court during the progress of the trial.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*

Decided December 2, 1947.

*Eugene A. Epting,* for plaintiff in error.
*Erwin, Nix & Birchmore,* contra.