33350.   SOUTH *v.* THE STATE.

334

*Emmett Smith, D. S. Strickland,* for plaintiff in error.

*Hal C. Hutchens, Solicitor-General,* contra.

GARDNER, J. The general grounds and special ground 6 attack the verdict on the ground that the presentment alleged that the storehouse and the merchandise contained therein belonged to J. C. Pope, whereas the evidence showed that Highnote had an interest in the merchandise. In this connection an excerpt from the charge of the court is attacked as erroneous and not a sound abstract principle of law. In this connection we think it clear that the evidence shows that J. C. Pope owned the storehouse and was in exclusive possession and control of the stock of merchandise, although at the time he was temporarily in the hospital in Atlanta and at the time the burglary was committed his agents, Mrs. Highnote and Durrell, were in charge of the property as agents during the hours the store was open for the transaction of business. It is contended that, the ownership being alleged to be in Pope, the evidence was at fatal variance with the allegations, since the evidence showed that Highnote owned only an interest in the profits of the business. We do not think so. In this connection see *Thomas* v. *State,* 27 *Ga. App.* 38 (2) (107 S. E. 418); also *Henley* v. *State,* 59 *Ga. App.* 595 (2) (2 S. E. 2d, 139). See also, in this connection, *Temple* v. *State,* 53 *Ga. App.* 671 (187 S. E. 138). While not altogether in point, we think that the case of *Hall* v. *State,* 7 *Ga. App.* 115 (66 S. E. 390), throws considerable light on the case at bar. Counsel for the defendant cites *Eubank* v. *State,* 105 *Ga.* 612, 614 (31 S. E. 741), and cites and discusses a number of other

cases relied on by the State, among which are *Lee* v. *State,* 62 *Ga. App.* 556 (8 S. E. 2d, 706); *Robinson* v. *State,* 1 *Ga.* 563, *Kidd v. State,* 101 *Ga.* 528 (28 S. E. 990), *Berry* v. *State,* 92 *Ga.* 47 (17 S. E. 1006), and *Hall* v. *State,* supra. A careful reading of those cases and the facts as compared to the facts in the instant case, to our mind, do not require a reversal of the judgment in the instant case. We think the decision in *Goode* v. *State,* 70 *Ga.* 752, is clearly controlling in the instant case. It is practically on all fours. In that case, among other things, the court said "the place of the larceny was stated with sufficient certainty to enable the jury easily to understand, with the aid of proof, the house indicated; and, though the goods alleged to belong to the prosecutor in fact belonged to a firm of which he was a member, he had a right to their custody. Even if the indictment did not fully and accurately describe these circumstances, it would not prevent the defendant from pleading former acquittal." So that principle of law, without doubt, seems to apply and be applicable to the facts in the instant case. If, under the indictment and facts in the instant case, the defendant could not be again tried for the offense charged because the ownership of the goods was alleged to be in a member of the partnership or firm, where such member had "a right to the custody of the goods", the verdict in the instant case would not be an illegal one. It cannot be seriously doubted that the evidence in this case shows that J. C. Pope had the right of possession and the right of custody of the goods stolen. And all the evidence shows that Mrs. Highnote and Durrell were merely his clerks or agents holding possession for him, J. C. Pope.

Special ground 1 complains of the court's charge and the failure of the court to sufficiently charge with reference to incriminating admissions and confessions, it being contended that the court did not sufficiently distinguish between incriminating admissions and confessions. After having read the entire charge and evidence, we find no error in the contentions of special ground 1.

Special ground 2 attacks the charge with reference to corroboration as to the defendant's confession.

Special ground 3 complains of the court's charge with reference to an accomplice.

Special ground 4 assigns error because the court did not sufficiently give the jury in charge the defendant's contentions.

Special ground 5 assigns error upon the charge of the court with reference to conspirators.

When we view the charge as a whole and the evidence involved, we find no error in any of the special grounds.

Counsel for the defendant insists upon, but does not argue, the first, second, third and fifth of the special grounds. We have dealt with special ground 6 in connection with the general grounds.

The court did not err in overruling a motion for a new trial as amended.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*