33449. COMBS *v.* SPURLING.

DECIDED APRIL 19, 1951. REHEARING DENIED MAY 17, 1951.

*William A. Thomas,* for plaintiff.

*Louis M. Tatham, J. Richmond Garland,* for defendant.

GARDNER, J. Where it appears that a husband and wife are

together and there is no legal separation at the time of her death, the right to the possession of the household effects is in the husband. See *Shaner Motor Company* v. *Williams*, 36 *Ga. App.* 766 (138 S. E. 274). Where there are no children, the issue of a marriage, and there is no will, the husband is the sole heir of his wife. In these circumstances, the household furnishings in the marital domicile at the time of and subsequent to the wife's death are presumably the property of the surviving husband, even though the same were purchased by the wife in her own name and even though a portion thereof were acquired by the wife prior to her marriage and were retained by her after her marriage and constituted a part of the furnishings of the marital domicile.

The alleged parol gift of these furnishings by the wife, shortly prior to her death, to her brother, the plaintiff, there being no delivery thereof to the brother, is not sufficient to establish title to the property in the brother as against the husband. See *Anderson* v. *Baker*, 1 *Ga.* 595; *Evans* v. *Lipscomb*, 31 *Ga.* 71(3). And see *Upchurch* v. *Upchurch*, 76 *Ga. App.* 215 (45 S. E. 2d, 855). There is nothing in the case of *Purvis* v. *Calvert Mortgage Co.*, 158 *Ga.* 879 (124 S. E. 702), nor in *Broome* v. *Davis*, 87 *Ga.* 584 (13 S. E. 749), to the contrary of what is here ruled.

The foregoing is true even though at the time of the death of the wife, the husband was not working and supporting his wife.

It follows that the trial judge did not err in directing a verdict for the defendant husband.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*