34553.   EUBANKS *v.* HILLIARD, Administratrix.

DECIDED MAY 2, 1953.

*Claud R. Caldwell,* for plaintiff in error.

*Peebles & Burnside,* contra.

SUTTON, C. J.   This was a bail-trover action by Mrs. Mabel Hilliard, as administratrix of the estate of Alvin Chalker, deceased, against Mrs. Jessie Eubanks, in the Municipal Court of Augusta, for (1) a 1951 Plymouth automobile, (2) a billfold, (3) a house trailer, (4) a bedroom suite of furniture, (5) a dining-room suite, (6) a red motor scooter, and (7) a motorboat, the description and value of the property being set out in the petition.   It was alleged that said property belonged to Alvin Chalker at the time of his death, that it is the property of the plaintiff, that it was in the possession of the defendant when the suit was filed, and that she refuses to deliver it to the plaintiff although demand therefor has been made on the defendant by the plaintiff.

The defendant answered, denying that the plaintiff had any title to any of the property sued for, and she alleged that it

belonged to her and asked judgment for the same. The plaintiff was the daughter of Alvin Chalker, and the defendant was his sister.

The case was tried before the judge without a jury, and he found in favor of the plaintiff for all of the property sued for, except the bedroom suite, listed as item 4 in the petition, which was awarded to the defendant. The defendant made a motion for new trial, which was overruled, and she excepted and brought the case to this court.

■ It is contended, in special ground 1 of the motion, that the court erred in not excluding the evidence of Mrs. J. T. McDaniel to the effect that the deceased (Alvin Chalker) told the witness to get his automobile from Mrs. Jessie Eubanks and turn it over to Ida Mae Whatley to use until he (the deceased) was released from the hospital, on the ground that a declaration made by one as to his title after he has parted with possession is not admissible against one claiming adversely to him. It appears that the testimony of Mrs. McDaniel was admitted without objection, and, after both sides had closed their evidence, the defendant made a motion to exclude her testimony. Alvin Chalker was in the hospital when he told his sister, Mrs. McDaniel, to get his automobile and turn it over to his friend, Ida Mae Whatley, to use while he was in the hospital. This was not a declaration made after he had parted with possession and title to his automobile. According to the contentions of the plaintiff, he still owned and was entitled to the possession and control of the automobile at that time. Under these circumstances, the court did not err in denying the motion to exclude Mrs. McDaniel's testimony.

■ Grounds 2 and 3 of the amended motion are to the same effect, that the plaintiff failed to show a demand for the property sued for before the trover action was filed. The plaintiff testified that she made a demand upon the defendant for the property sued for before the suit was filed. Furthermore, it appears that the defendant, in her answer, denied that the plaintiff was entitled to recover any of the property sued for, and claimed, on the contrary, that the title thereto was vested in the defendant.

The only purpose of a demand in a trover action is to show conversion. *Grant* v. *Miller*, 107 *Ga.* 804 (2) (33 S. E. 671).

Where the defendant is in possession of the property sued for in a trover action and claims title thereto adversely to the plaintiff, it is unnecessary for the plaintiff to prove a conversion. *Dickerson* v. *Universal Credit Co.*, 47 *Ga. App.* 512 (4) (170 S. E. 822); *Stanley* v. *Ellis*, 77 *Ga. App.* 12 (1) (47 S. E. 2d 776); *Collins* v. *Hilton*, 27 *Ga. App.* 439 (2) (108 S. E. 824); Code § 107-101.

The court did not err in overruling these grounds of the motion.

■ Special ground 4, to the effect that the court erred in rendering judgment for hire of the automobile, because no demand therefor was shown, special ground 5, to the effect that the plaintiff failed to show that the automobile, which was in the possession of the defendant at the time of the deceased's death, had been placed in her possession in trust, and special ground 6, to the effect that there was no evidence of any probative value on behalf of the plaintiff, are only elaborations of the general grounds and are without merit.

■ It is stated in the brief of counsel for the plaintiff in error that the most important question in this case is whether or not the law of actions of trover, as stated in the case of *Wood* v. *Sanders*, 87 *Ga. App.* 84, 86 (73 S. E. 2d 55), is applicable in the present case. The *Wood* case was altogether different on its facts from the present case. It appeared in that case that the plaintiff had placed the goods sued for in a shed or garage of the defendants, with their permission, until she could find another place for them, no rent or storage being charged therefor. The plaintiff sent a truck and had some of the property removed from the shed, but the defendants did not know what she had removed. The property was there, subject to her disposal. When her trover suit was filed, the defendants in their plea disclaimed title to the property sued for, and it was there held that, as they had lawfully acquired possession of the property as bailees, it was necessary for the plaintiff to prove actual conversion of the goods or a demand for and refusal to deliver them. So it will be seen that the *Wood* case is entirely different from the present case and is without application here.

The evidence authorized the finding in favor of the plaintiff, and the court did not err in overruling the defendant's motion for new trial.

*Judgment affirmed. Felton and Worrill, JJ., concur.*