35480. HISE *v.* MORGAN.

CARLISLE, J. 1. The plaintiff in an action of trover must show title, either general or special, in herself at the time of the institution of the suit, actual possession, or right of immediate possession (*Livingston* v. *Epsten-Roberts Co.*, 50 *Ga. App.* 25, 177 S. E. 79, and the numerous cases there cited); and, where, in such an action, the plaintiff, the landlord of the defendant, shows without contradiction that she and the defendant went together to an automobile dealer, where she, with her own money, paid the full purchase price for the automobile for which the present action has been brought, but instructed that title to the automobile be placed in the name of the defendant, and the automobile dealer issued an invoice for the automobile in the name of the defendant and marked the same paid and issued a "used-car warranty" to the automobile to the defendant, and delivered these documents to the defendant, and the automobile was delivered to them and they rode away in it with the defendant operating the vehicle—nothing else appearing, the plaintiff owned the entire legal and beneficial interest in the automobile, notwithstanding the papers indicated were issued to the defendant (*Watts* v. *Taylor*, 36 *Ga. App.* 537, 137 S. E. 119; *James* v. *Newman*, 73 *Ga.*

*App.* 79, 35 S. E. 2d 581, and citations); and she would be entitled to maintain trover for the automobile against anyone converting the same to his own use. *Livingston* v. *Epsten-Roberts Co.,* supra.

2. Where, in addition to the facts stated in the foregoing division, the plaintiff in her testimony explained that she had purchased the automobile in which to make trips to her physician, and since she could not drive and would have to have the defendant drive for her, she had had the title to the automobile placed in him, and that she merely allowed him to use it for his own purposes whenever she did not need to make a trip to her physician, and that some two years subsequent to her purchase of the automobile, she had demanded possession of the automobile of the defendant and he had refused it, and it appears further that the automobile was levied on in the possession of the defendant—the plaintiff has established a prima facie case (*Eubanks* v. *Hilliard,* 88 Ga. App. 106, 76 S. E. 2d 133, and citations), and would, in the absence of any proof to the contrary, be entitled to recover in her action of trover for the automobile.

3. Where, however, according to the defendant's evidence, the plaintiff, in having the title to the vehicle placed in him, intended to make him a gift of the vehicle, and she relinquished dominion over it and possession to him, the issue of gift or no gift becomes a question of fact for the jury, there being a sharp conflict in the evidence on the existence of the three essential elements of a gift as contained in Code § 48-101; and this issue having been resolved by the jury in favor of the plaintiff, we cannot, under the facts of this case, say as a matter of law that the verdict in her favor was not authorized.

4. Where, in such a case, the plaintiff proved without contradiction that she had demanded the automobile of the defendant and it had been refused, the defendant admitted in his answer that the automobile was in his possession and that it was found in his possession, the trial court did not err in charging the jury that proof of conversion was not necessary, as complained of in special grounds 1 and 2 of the motion for new trial. *Eubanks* v. *Hilliard,* supra.

5. One of the essential elements of a gift is the *intention* of the donor to give (Code § 48-101); and the trial court's charge in such a case as indicated above: "I charge you that the fact that Mrs. Morgan paid for the automobile would not be the determining factor in the case, because she could pay for the automobile and still make a gift of it, and again the matter of whether she *intended* it to be a gift or not is for you gentlemen to decide, if she made a gift, *intended* to make a gift to Mr. Hise, then she is not entitled to recover"—is not erroneous as unduly emphasizing the factum of the plaintiff's having paid for the vehicle. Neither was the charge erroneous as unduly emphasizing the question of the plaintiff's intent to make a gift even when viewed in connection with the following additional charges: "So, gentlemen, this one of the main issues to be considered by you; first determine whether or not there was a gift, whether or not Mrs. Morgan *intended* to give the automobile to Mr. Hise, and whether or not there was a gift depends upon the intent of Mrs. Morgan, whether she intended to give that automobile to Mr. Hise or not, and that matter of *intent* is solely a question for the jury to determine. . . I believe the court has charged you this, but

I will refer to it again. I charge you that to constitute a valid gift there shall be the *intention* to give by the donor, acceptance by the donee and delivery of the article given or some act accepted by the law in lieu thereof. I charge you that the elements of a valid gift are intention to give, a renunciation of the right of ownership by the giver, without power of revocation, and a delivery of the possession by the giver to the recipient." This needless repetition of a correct principle of law was not erroneous. *Wilson* v. *Barnard,* 10 *Ga. App.* 98 (5) (72 S. E. 943); *Dixie Manufacturing Co.* v. *Ricks,* 30 *Ga. App.* 433 (4) (118 S. E. 452). Special ground 3 of the motion for new trial is without merit.

6. In view of the charge as a whole, the trial court did not err in its use of the expression "formal possession" in the following excerpt from *its* charge: "If you find that Mrs. Morgan made a gift, or she intended to make a gift or did make a gift of the automobile to Mr. Hise, then it would be proper for you to render a verdict in favor of Mr. Hise, if the plaintiff delivered over formal possession." And such excerpt is rather supplementary than contradictory of the following excerpt: "Actual manual delivery shall not be essential to the validity of a gift. Any act which shall indicate a renunciation of dominion by the donor and the transfer of dominion to the donee shall constitute delivery." There is no merit in special ground 4 of the motion for new trial.

7. The burden is upon him who claims a gift to prove the essential elements of a gift (*Upchurch* v. *Upchurch,* 76 *Ga. App.* 215, 45 S. E. 2d 855; *Lanier* v. *Holt,* 18 *Ga. App.* 185, 89 S. E. 182); and, having charged the jury: "If you find that the plaintiff has carried the burden of proof, and find in her title to this property, by a preponderance of the evidence . . . it would be your duty to find in her favor," the trial court did not err in charging: "Referring again to Code § 48-101: 'To constitute a valid gift, there shall be the intention to give by the donor, acceptance by the donee, and delivery of the article given or some act accepted by the law in lieu thereof.' The defendant says that the plaintiff, Mrs. Morgan, gave him the automobile; that is his contention. So, gentlemen, this is one of the main issues to be considered by you; first, determine whether or not Mrs. Morgan intended to give the automobile to Mr. Hise, and whether or not there was a gift depends upon the intent of Mrs. Morgan, whether she intended to give that automobile to Mr. Hise or not, and that matter of intent is solely a question for the jury to determine. If you decide there was no gift, and find in favor of the plaintiff, then the next issue for you to decide is how much you award the plaintiff in dollars and cents." There is no merit in special ground 5 of the motion for new trial.

8. The trial court did not err in refusing to charge the jury according to the following request: "I charge you that the payment of the purchase money by one and causing the bill of sale or invoice evidencing title to be made to another shall be presumed to be a gift." This request to charge was not applicable to the case. The presumption referred to therein is applicable only to transactions between those persons enumerated in Code § 108-116, and the parties to the present action do not come within the relationships there enumerated. There is not merit in special ground 6 of the motion for new trial.

9. The trial court did not err in refusing the following request to charge:

"I charge you that a loan is the bailment of an article for a certain time to be used by the borrower without paying for its use. The borrower must use it according to the intention of the lender and restore it at the proper time. I charge you that generally a loan is entirely for the benefit of the borrower," as no such issue was raised by either the pleadings or the evidence. There is no merit in special ground 7 of the motion for new trial.

10. The trial court did not err in refusing the following request to charge: "I charge you that the mere payment of the purchase price of the automobile by Mrs. Morgan to the Tenn.-Georgia Motor Company would have no bearing on the question of whether or not a gift of the automobile was made to Mr. Hise, and Mrs. Morgan would not be entitled to recover the car in this action simply because she paid the purchase price. The question for you to decide is simply this, did Mrs. Morgan give the automobile to Mr. Hise? If you find that she did, then she is not entitled to recover," as this issue was fully and repeatedly covered by the trial court in its charge to the jury. There is no merit in special ground 8 of the motion for new trial.

11. The admission of the testimony of the plaintiff that the automobile belonged to her could not have harmed the defendant, as there was ample evidence to sustain the conclusion of the plaintiff. See *Central of Georgia Ry. Co.* v. *Butler Marble Co.*, 8 *Ga. App.* 1 (68 S. E. 775). There is no merit in special ground 9 of the motion for new trial.

The trial court did not err in denying the motion for a new trial for any reason assigned.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

Decided March 3, 1955.

*Frank M. Gleason*, for plaintiff in error.
*Maddox J. Hale, W. A. McClure*, contra.