19539, 19549.  DOLLAR *et al. v.* THOMPSON;
and *vice versa.*

Argued November 14, 1956—Decided January 14, 1957—Rehearing
denied February 13, 1957.

832

*Jess H. Watson, Wheeler, Robinson & Thurmond, Emory F. Robinson,* for plaintiffs in error.

*Wood & Tallant, Herbert Edmondson,* contra.

WYATT, Presiding Justice. 1. The defendant having admitted that T. J. Thompson executed the deed in question, and that the deed had been properly recorded, a presumption is raised that the deed was delivered. *Henderson* v. *Kemp,* 155 *Ga.* 489 (117 S. E. 244); *Bourquin* v. *Bourquin,* 110 *Ga.* 440 (35 S. E. 710). To overcome this presumption, the defendant introduced in evidence, over the timely objection of the plaintiffs, an ex parte affidavit which had been executed by Mrs. T. J. Thompson in connection with her application for a year's support. The affidavit was executed before the Ordinary of Forsyth County, and reads

as follows: "Personally appeared before me, an officer authorized by law to administer oaths, Mrs. T. J. Thompson, who on oath says that she is the widow of T. J. Thompson, now deceased, late of said county; that after the death of the said T. J. Thompson, there was discovered among his private papers a certain deed dated November 7, 1935, purportedly executed by T. J. Thompson to her, conveying certain lands therein set forth, to wit all or parts of lots 949, 930, 950, 931, 1010 and 948, purporting to convey to her a life interest in said lands with remainder to the children and heirs at law of the said T. J. Thompson; that said deed was never delivered to her by the said T. J. Thompson and she has never seen said deed until after the death of the said T. J. Thompson. Also that said deed has never been accepted by her." The admission of this affidavit over objection is assigned as error.

It is contended by the plaintiffs that the ex parte affidavit above quoted is not admissible because it is hearsay. The defendant contends that said affidavit is admissible under an act of the General Assembly enacted in 1955 (Ga. L. 1955, p. 614) as codified in Code (Ann. Supp.) §§ 38-638, 38-639, and 38-640.

Code (Ann. Supp.) § 38-638 provides that recorded affidavits shall be notice of the facts recited therein when such affidavits show any of certain enumerated facts. Section 38-639 provides that the affidavits above referred to shall be admissible in evidence in any litigation over lands referred to or described in such affidavits wherein such facts as are therein recited are material, and that there shall be a rebuttable presumption that the facts recited are true. The affidavits shall be admissible only when the person making such an affidavit is not available as a witness for stated reasons. One of these reasons is that the person making such affidavit is deceased, as in the instant case.

Code (Ann. Supp.) § 38-640 provides as follows: "Affidavits referred to in the two preceding sections shall be filed by the clerk of the superior court of the county where the land lies, and shall contain a caption referring to the then owner and to a deed or other recorded instrument in the chain of title of the affected land, and the clerk of the superior court shall record such affidavits and shall enter on the deed or other recorded instrument so referred to the book and page on which such affidavit may be recorded and shall index same in the name of the then purported

owner as shown by such caption in both grantor and grantee indexes in deed records as conveyances of lands are recorded and indexed, and he shall receive the same compensation therefor as for recording deeds to lands."

It appears from the above Code sections that an affidavit, before it can become entitled to any legal status under the act, must be recorded as set out in the act. The affidavit in the instant case shows on its face that it has not been recorded as provided by Code (Ann. Supp.) § 38-640, which provides, among other things, that such affidavit "shall contain a caption referring to the then owner and to a deed or other recorded instrument in the chain of title of the affected land, and the clerk of the superior court shall record such affidavits and shall enter on the deed or other recorded instrument referred to the book and page on which such affidavit may be recorded and shall index same in the name of the then purported owner as shown by such caption." The affidavit in the instant case does not contain any caption at all except "Georgia, Forsyth County." There is no caption referring to any "then owner" or any "deed or other recorded instrument in the chain of title of the affected land," or any other matters required by the above-quoted Code section.

The legislation here involved is of such character that it should be and will be strictly construed by this court, and one of the requirements of a properly recorded affidavit under the terms of this act is that it "shall" contain a caption showing the information enumerated in the act. It will be noted that this is made mandatory by the use of the word "shall" rather than permissive language. It therefore follows that an affidavit which contains no caption, as is true in the instant case, is not properly recorded under the terms of the act and is not entitled to the recognition provided in the act as to an affidavit that is so recorded. It was, accordingly, not admissible under Code (Ann. Supp.) § 38-639 because not properly recorded and its admission over timely objection was erroneous.

2. The only other evidence which it could be contended was sufficient to overcome the presumption of delivery arising from the execution and recordation of the deed in question was the testimony of L. J. Westbrooks, who testified in substance, without objection, that he was present at a conversation when Mrs.

T. J. Thompson discussed the question of her year's support. He testified that at that time Mrs. Thompson said that the deed was never delivered to her, and that she had never seen it during her husband's lifetime. This evidence is purely a self-serving declaration, and is hearsay and wholly without probative value. Statements by a person since deceased wholly in favor of the deceased and not a part of the res gestae are inadmissible and without probative value. *Higgins* v. *Trentham,* 186 *Ga.* 264 (197 S. E. 862); *Blalock* v. *Miland,* 87 *Ga.* 573 (13 S. E. 551); *Hollis* v. *Sales,* 103 *Ga.* 75 (29 S. E. 482); *Smith* v. *Smith,* 206 *Ga.* 461 (57 S. E. 2d 611). Accordingly, this evidence, although admitted without objection, has no probative value and should not and can not be considered as overcoming the presumption of delivery in this case.

3. The only remaining question arises upon the cross-bill of exceptions, in which the defendant assigns as error the excluding from evidence of certain recited testimony by Ralph Thompson. The testimony excluded was substantially the same as the testimony of L. J. Westbrooks in division two above, to the effect that Mrs. Thompson said in his presence when the deed was found among the papers of the deceased that she did not know about the deed and had not seen it before. This evidence is clearly hearsay and is wholly in favor of the deceased, Annie Thompson, who made the statements, and is controlled by the rulings made in 2 above.

The plaintiff in error in the cross-bill insists that this evidence is admissible as a part of the res gestae. There is no merit in this contention because the statements neither accompany nor are they connected with any act of delivery which did occur or which could have occurred or which could have failed to occur at the time they were made. If delivery had occurred or if it had failed to occur, the event had taken place or failed to take place some time prior to the time the statements were made, because the only person who could have made delivery was then dead. The statements were therefore hearsay and inadmissible and were properly excluded. There is no merit in the cross-bill of exceptions.

4. It having been held above that the affidavit in question was not admissible, and there being no other legal and competent evi-

dence having probative value which would be sufficient to overcome the presumption of delivery arising from the execution and recordation of the deed in question, and there being no merit in the cross-bill of exceptions, the evidence demanded a finding in favor of the plaintiffs in the court below, and the judgment denying the motion for judgment in accordance with the motion for directed verdict was error, and direction is given that, upon the return of the remittitur from this court to the trial court, such a judgment be entered.

*Judgment reversed on the main bill of exceptions with direction. Judgment affirmed on the cross-bill of exceptions. All the Justices concur. Duckworth, C. J., concurs in the judgments, but not in all that is said in the opinion.*