38130.   ABNEY *v.* WEST, Administrator.

DECIDED APRIL 5, 1960.

*Ray, Owens & Kiel, J. Walter Owens,* for plaintiff in error.
*Ralph M. Holleman,* contra.

NICHOLS, Judge. 1. The testimony of the plaintiff was that the certificates were given to the defendant to put in her safety deposit box for safekeeping. The provisions of Code § 38-1603 which prohibit the opposite party in a case by or against a personal representative of a deceased person from testifying as to transactions with such deceased person does not prohibit the personal representative from testifying as to such transactions. See *Lane* v. *Howard*, 201 *Ga.* 616, 621 (40 S. E. 2d 537), and citations. Therefore, the testimony of the plaintiff, the personal representative of the deceased, placed title to the certificates in the deceased, or her estate, with possession, for safekeeping only, in the defendant, and title once placed is presumed to continue until the contrary is proved. See *Upchurch* v. *Upchurch*, 76 *Ga. App.* 215 (1) (45 S. E. 2d 855), and citations.

The defendant introduced evidence of conversations between the deceased and third persons, who were not parties to the action, in an attempt to show a gift of the certificates from the deceased to the defendant. The testimony of Sallie Culpepper was to the effect that the deceased told her, "I give them to Georgia and if I had wanted Mr. West to have had them—he' has got a strong box he keeps his—those personal things in and carries the key in his pocket. I could have given it to him—it would have been—if Mr. West had had them, I couldn't have got them." While she also testified that the deceased had said she had given the certificates to Georgia and they were hers, the jury could have interpreted all this testimony as meaning that the deceased had given the certificates to the defendant for safekeeping, where she (the deceased) could get them if she needed or wanted them, but if anything happened to her *then* they would be the defendant's.

Under such theory of the evidence the verdict of the jury finding for the plaintiff and against the defendant was authorized, for there was no gift. See Code § 48-101. Nor would such evidence demand a verdict for the defendant under Code § 48-201, for while the evidence showed that a part of the statements attributed to the deceased were made about a week before she went to the hospital, it was not shown that such statements were made during her last illness. See *Guest* v. *Stone*, 206 *Ga.* 239 (56 S. E. 2d 247).

"This court does not pass upon the credibility of witnesses, nor the weight to be given evidence on disputed facts. These are questions for the jury. Whether their verdict is contrary to the evidence, or contrary to its weight, or decidedly and strongly against its weight, is a question the law vests in the trial judge's discretion. He may grant a new trial on these grounds, but this court has no such power. Where the trial judge approves the verdict, the sole question for determination by this court is whether there is any evidence sufficient to authorize it." *Adler* v. *Adler*, 207 *Ga.* 394, 405 (61 S. E. 2d 824). Accordingly, the judgment of the trial court denying the defendant's motion for new trial, based on the usual general grounds only, must be affirmed.

*Judgment affirmed. Felton, C. J., and Bell, J., concur.*