## 29049. WHITWORTH v. WHITWORTH et al.

HALL, Justice.

This is an appeal with a certificate from the denial of a summary judgment motion.

In 1952 Louise P. McFarland conveyed by warranty deed a 91.3-acre tract of land in Franklin County to Carl H. Whitworth ("appellant"), who was two years old at the time of the conveyance. The purchase price was supplied by appellant's father Paul H. Whitworth ("decedent"), who occupied the property until his death intestate in 1972 and who retained possession of the deed from the time of its execution until his death. The deed was duly recorded in 1972. In July, 1973, appellant gave the Citizens & Southern Bank of Hart County, Georgia, a security deed to the property. The administrators of decedent's estate, appellees herein, brought this action against appellant and the bank, seeking the following relief: cancellation of the warranty deed from Louise P. McFarland to appellant, an injunction against the bank's making further advances to appellant pending the outcome of the present litigation, an order requiring appellant to pay the balance of his indebtedness to the bank and to cancel the security deed, and an order quieting title to the property in appellees.

The complaint alleged that it was decedent's

intention upon purchasing the property that appellant would hold it in trust for the benefit of decedent and that the property could not be sold until appellant reached the age of majority and then only with decedent's consent. An amendment to the complaint alleged that decedent held the beneficial interest in the property by way of an implied trust. Upon agreement of all the parties, the bank's motion for summary judgment was granted. The overruling of appellant's motion for summary judgment is the subject of this appeal.

1. The appellees assert nondelivery of the McFarland warranty deed from the decedent to the appellant as a ground for cancellation. However, it is delivery from the grantor to the named grantee which is essential to the validity of the conveyance. The appellees' complaint shows that the deed was executed and duly recorded. A presumption arises, therefore, that the deed was delivered. *Dollar v. Thompson,* 212 Ga. 831 (96 SE2d 493); *Henderson v. Kemp,* 155 Ga. 489 (117 SE 244). The complaint further avers that decedent had possession of the deed from the time of its execution until his death. Delivery to and possession of the deed by the parent is evidence of delivery to the infant. *Montgomery v. Reeves,* 167 Ga. 623 (2) (146 'SE 311); *Watson v. Meyers,* 73 Ga. 138. "Non-delivery shall not be raised against minors." *Harrison v. Hester,* 160 Ga. 865, 870 (129 SE 528). Finally, the law will presume acceptance where the donation is of a substantial benefit, and a parent may accept for an infant. Code § 48-102; see also *Montgomery v. Reeves,* supra.

In conjunction with their prayer for cancellation of the warranty deed, the appellees asked that title be quieted in themselves. They have not, however, shown any source from which their own title would derive. In response to appellant's interrogatories, they showed that they knew of no record, writing or document, other than the deed from Louise P. McFarland to the appellant, which would establish title in the decedent. Nor can the appellees establish title by prescription. Their complaint alleges that the appellant was two years old in 1952. His legal infancy would not have terminated under Code Ann. § 74-104, as it stood prior to amendment in 1972,

until he reached the age of 21 sometime in 1970 or 1971; and prescription could not have commenced until that time. Code § 85-411. There being no title in the appellees, prescriptive or otherwise, they cannot seek cancellation of the warranty deed to the appellant as a cloud upon title. *Thomas v. Stedham,* 208 Ga. 603 (2) (68 SE2d 560); *Crawford v. Crawford,* 143 Ga. 310 (85 SE 192).

2.  The only remaining theory of recovery which is ascertainable from the allegations of the appellees' amended complaint is that of an implied purchase-money resulting trust whereby the appellant held legal title to the property as trustee for the benefit of the decedent. The appellant asserts that he holds both legal and equitable title by way of a completed gift.

(a)  After the original pleadings had been filed, the appellant submitted the following interrogatory to the appellees: "Did Paul H. Whitworth [decedent] intend said deed to be a trust and Defendant [appellant] to be trustee?" The appellees' reply was "No." However, the appellees later filed an amendment to their complaint which read: "Under the facts alleged in the petition, Paul H. Whitworth had and claims an implied trust in and to the real estate described in the petition." The appellant contends that the appellees are estopped to file such an amendment because it is inconsistent with their response to appellant's interrogatory in which, according to the appellant, they negatived any reliance on a trust theory of recovery.

The amendment did no more than make explicit what was implicit in the appellees' original complaint in which they alleged that it was the decedent's intention that the appellant would hold the property in trust for the decedent's benefit. The original allegation was sufficiently broad to admit of implied trust as a theory of recovery under the practice of notice pleading contemplated by Code Ann. § 81A-108 (f). The only effect, if any, of appellees' negative response to appellant's interrogatory was to weaken their ability to meet their evidentiary burden on this issue.

(b)  Appellant further contends that the appellees are barred from pursuing an implied trust theory by the ten-year statute of limitation contained in Code § 3-709,

pertaining to actions against trustees, and by the seven-year statute of limitation derived by analogy to Code § 85-407 pertaining to prescriptive title and applied to actions to enforce implied trusts in such cases as *Richards v. Richards,* 209 Ga. 839, 843 (76 SE2d 492), and *Stonecypher v. Coleman,* 161 Ga. 403, 404 (131 SE 75).

"It is well settled that neither laches nor the statute of limitations will run against one in peaceable possession of property under a claim of ownership for delay in resorting to a court of equity to establish his rights." *Richards v. Richards,* supra, p. 843; see also *Lominick v. Lominick,* 213 Ga. 53 (96 SE2d 587). Moreover, the statute of limitation does not begin to run against a party asserting title by way of an implied trust until "there has been notice of an adverse claim by the trustee or such change of circumstances as is calculated to put a reasonably prudent person on notice that the trust is no longer recognized as subsisting, or something to indicate to a reasonably prudent person that the relation of trustee and cestui que trust has ceased . . ." *Denson v. Denson,* 214 Ga. 8, 10 (102 SE2d 605). Assuming at this point that the appellees' claim of implied trust can be sustained, there has been no showing that any such notice was given decedent or the appellees prior to the commencement of this action.

(c) In opposition to appellees' claim of implied trust, appellant asserts that he owns both legal and equitable title by way of a completed gift. Ordinarily, the burden is on the party asserting a gift to prove all its essential elements including donative intent. See *Hise v. Morgan,* 91 Ga. App. 555 (86 SE2d 374); *Upchurch v. Upchurch,* 76 Ga. App. 215 (45 SE2d 855). In the present case, however, where appellant's father, decedent, caused the conveyance to be made to appellant as grantee and where decedent paid the purchase money, a completed gift is presumed. "As between husband and wife, parent and child, and brothers and sisters, payment of purchase money by one, and causing the conveyance to be made to the other, shall be presumed to be a gift; but a resulting trust in favor of the one paying the money may be shown and the presumption rebutted." Code § 108-116.

In order to rebut the presumption of gift, established

here by the appellees' own pleadings, the appellees must show that a resulting trust was contemplated by both parties by way of an understanding or agreement. *Williams v. Thomas*, 200 Ga. 767 (38 SE2d 603); *Jackson v. Jackson*, 150 Ga. 544, 554 (104 SE 236); *Kimbrough v. Kimbrough*, 99 Ga. 134 (25 SE 176); *Vickers v. Vickers*, 133 Ga. 383 (65 SE 885, 24 LRA (NS) 1043). This understanding or agreement, either express or shown by the nature of the transaction, the circumstances or the conduct of the parties, must have existed at the time the transaction was consummated. See *Williams v. Thomas*, supra. The only evidence offered by appellees in opposition to appellant's motion for summary judgment to establish such an understanding or agreement was that (1) in 1972 decedent paid the property taxes on the land in question, (2) decedent applied for homestead exemptions on the property covering the years 1967 through 1973, and (3) shortly after decedent's death, appellant told one of the appellees that appellant knew the property did not belong to him. Although this evidence may be probative as to the parties' subsequent beliefs as to ownership and as to decedent's intentions with respect to the title, there was no evidence produced by appellees which would show that appellant, who was two years old at the time of the conveyance, was aware of the transaction or that he either understood or agreed that he would hold legal title for the benefit of decedent. "An absolute gift can not, by events transpiring after it was made, be metamorphosed into a trust." *Vickers v. Vickers*, supra, 385; see also *Williams v. Thomas*, supra; *Langan v. Langan*, 224 Ga. 399 (162 SE2d 405). Because the appellees offered no evidence as to any such understanding or agreement existing at the time the conveyance was made, the presumption of gift stands unrebutted. The trial court erred in denying appellant's motion for summary judgment.

*Judgment reversed. All the Justices concur, except Gunter, J., who concurs in the judgment only.*

ARGUED SEPTEMBER 9, 1974 — DECIDED OCTOBER 17, 1974.

*Harper & Matthews, Robert D. Matthews, Eugene W. Harper. Jr.,* for appellant.

*Andrew J. Hill, Jr., Edward E. Strain, III,* for appellees.