S05A1774. RITCHIE v. METRO TAX INVESTORS, INC.
(623 SE2d 498)

HINES, Justice.

This is a challenge by adjacent landowner Helen Ritchie ("Ritchie") to rulings by the Superior Court of Fulton County in favor of tax deed holder Metro Tax Investors, Inc. ("Metro Tax") in this action by Metro Tax to quiet title to 1.63 acres of land in Fulton County ("the property"). The superior court concluded that Ritchie lacked standing in the case, and consequently, granted summary judgment to Metro Tax as to Ritchie's claim of encroachment and challenge to the tax deed. Subsequently, the superior court issued a final order and decree vesting Metro Tax with fee simple title to the property. For the reasons which follow, the superior court's rulings are affirmed.

As high bidder at the tax sale, on March 4, 2003, Metro Tax received a tax deed to the property. Metro Tax held the property for one year and then undertook the process of giving notice of foreclosure of the right to redeem pursuant to OCGA § 48-4-45.[1] The

---

[1] OCGA § 48-4-45 provides:

(a) After 12 months from the date of a tax sale, the purchaser at the sale or his heirs, successors, or assigns may terminate, foreclose, divest, and forever bar the right to redeem the property from the sale by causing a notice or notices of the foreclosure, as provided for in this article:

(1) To be served upon all of the following persons who reside in the county in which the property is located:

(A) The defendant in the execution under or by virtue of which the sale was held;

(B) The occupant, if any, of the property; and

(C) All persons having of record in the county in which the land is located any right, title, or interest in, or lien upon the property;

(2) To be sent by registered or certified mail or statutory overnight delivery to each of the persons specified in subparagraphs (A), (B), and (C) of paragraph (1) of this subsection who resides outside the county in which the property is located, if the address of that person is reasonably ascertainable; and

(3) To be published, if that tax sale occurs on or after July 1, 1989, in the newspaper in which the sheriff's advertisements for the county are published in each county in which that property is located, which publication shall occur once a week for four consecutive weeks in the six-month period immediately prior to the week of the redemption deadline date specified in the notice.

(b) Nothing contained in this Code section shall be construed to require that any notice be sent to or served upon any person whose right, title, interest in, or lien upon the property does not appear of record in the county in which the land is located.

(c) The heirs of any deceased owner of any land entitled to notice pursuant to this Code section shall be served by the sheriff or notified as provided in this article.

property was not redeemed within the redemption period, and on August 6, 2004, Metro Tax filed the present petition to quiet title to the property pursuant to OCGA § 23-3-60[2] et seq. In accordance with OCGA § 23-3-65 (a),[3] Ritchie, as an adjoining landowner, was served with notice of the quiet title action.

Ritchie filed an answer in the suit, asserting that Metro Tax did not have a right to the land it acquired pursuant to the tax deed, and that she had acquired a portion of the property through adverse possession. Ritchie eventually withdrew her adverse possession claim, and amended her answer to assert a claim that the property encroached upon her land.[4] Metro Tax executed in favor of Ritchie a quitclaim deed to her land;[5] the legal description in the quitclaim deed matched that contained in the warranty deed that Ritchie and her husband received in connection with the purchase of their property. Metro Tax then moved for summary judgment on Ritchie's encroachment claim and challenge to its tax deed.[6] Finding that Ritchie had no claim whatsoever to the property, the superior court granted judgment in favor of Metro Tax,[7] and ultimately, vested it with title to the property.

Ritchie raises multiple contentions of error attacking Metro Tax's title and tax deed to the property,[8] and the finding of her lack of

---

[2] OCGA § 23-3-60 provides:

The purpose of this part is to create a procedure for removing any cloud upon the title to land, including the equity of redemption by owners of land sold at tax sales, and for readily and conclusively establishing that certain named persons are the owners of all the interests in land defined by a decree entered in such proceeding, so that there shall be no occasion for land in this state to be unmarketable because of any uncertainty as to the owner of every interest therein.

[3] OCGA § 23-3-65 (a) provides:

Upon the filing of all evidence with him, the master shall:

(1) Determine who is entitled to notice, including, but not limited to, all adjacent landowners and all adverse claimants as to whose adverse claims petitioner has actual or constructive notice;

(2) Cause process to issue, directed to all persons who are entitled to notice and to all other persons whom it may concern.

[4] As part of her original challenge to Metro Tax's acquisition of the property, Ritchie also complained that because of her claim of adverse possession, she was entitled to the statutory notice of foreclosure of the right to redeem the property. Her abandonment of the adverse possession claim rendered her redemption complaint in this regard moot. Furthermore, Ritchie has not shown any other basis for a right to notice under OCGA § 48-4-45 (a) (1).

[5] The superior court found that the quitclaim deed was delivered to Ritchie.

[6] This was Metro Tax's second motion for summary judgment; its first motion for summary judgment was focused on Ritchie's claim of prescriptive title.

[7] In this same order, the superior court found Metro Tax's first motion for summary judgment, its "Motion to Require Payment of Redemption Amount into Registry," and Ritchie's "Motion to Disqualify Special Master and Vacate Her Report" to be moot. The court also denied Ritchie's "Motion to Dismiss Petition for Being Null and Void Ab Initio."

[8] Ritchie contends that the superior court committed "harmful and reversible error" in granting summary judgment to Metro Tax and finding that it obtained and is vested with title

standing. However, in an action regarding title to land a party's right to recovery or relief must depend upon the strength of his or her own title to the realty involved, not the weakness of the opponent's evidence. *Smith v. Ga. Kaolin Co.*, 269 Ga. 475, 477 (2) (498 SE2d 266) (1998). Moreover, a party seeking to cancel or set aside the deed of another must have some title to or interest in the subject property, prescriptive or otherwise. *Whitworth v. Whitworth*, 233 Ga. 53, 54 (1) (210 SE2d 9) (1974).

But, this case is resolved by the fact that Ritchie has failed to show that she has any interest at all in the property to support her claim of encroachment. On summary judgment, Metro Tax demonstrated that there was no genuine issue as to any material fact regarding Ritchie's claim that the property conveyed in the tax deed contained real estate to which she had title or interest. Accordingly, summary judgment in favor of Metro Tax was warranted. What is more, Ritchie has provided no basis to disturb the order vesting Metro Tax with fee simple title to the property.

*Judgments affirmed. All the Justices concur.*

DECIDED DECEMBER 1, 2005.

*James B. Ritchie*, for appellant.

*Proctor, Chambers & Hutchins, Bradley A. Hutchins, David B. Davidson, Denval A. Stewart, Thurbert E. Baker, Attorney General, Daniel M. Formby, Deputy Attorney General*, for appellee.

---

because the record is devoid of supporting admissible evidence; in granting Metro Tax's second motion for summary judgment when Metro Tax failed to establish a prima facie case and Ritchie "filed uncontested and unrebutted admissible evidence establishing the lack of essential elements of Metro Tax's prima facie case"; and by denying Ritchie's "Motion to Dismiss Petition for Being Null and Void Ab Initio."